# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>USA DISCOUNTERS, LTD., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 15-11755 (\_\_\_)<br><br>(Joint Administration Requested) |

## DEBTORS' MOTION FOR ENTRY OF AN ADMINISTRATIVE ORDER ESTABLISHING PROCEDURES FOR INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES OF PROFESSIONALS

USA Discounters, Ltd. ("USA Discounters"), USA Discounters Holding Company, Inc. ("Holdings"), and USA Discounters Credit, LLC ("Credit LLC"), the debtors and debtors in possession (the "Debtors") in the above-captioned chapter 11 cases (the "Cases"), hereby move the Court (the "Motion") for entry of an order, substantially in the form attached hereto as **Exhibit A**, pursuant to sections 105(a), 330, and 331 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), Rules 2016, 6003, and 6004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2016-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), establishing procedures for interim compensation and reimbursement of expenses for professionals and official committee members and granting related relief. In support of the Motion, the Debtors rely on the *Declaration of Timothy W. Dorsey in Support of First Day Motions* (the "Dorsey Declaration") concurrently filed herewith. In further support of the Motion, the Debtors respectfully represent as follows:

---

[1] The Debtors and the last four digits of their respective federal taxpayer identification numbers are as follows: USA Discounters, Ltd. (5123); USA Discounters Holding Company, Inc. (8192); and USA Discounters Credit, LLC (3128). The Debtors' address is 6353 Center Drive, Building 8, Suite 101, Norfolk, Virginia, 23502.

## I. JURISDICTION

1. The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over these Cases and the Motion pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated February 29, 2012. This is a core proceeding within the meaning of 28 U.S.C. §157(b)(2). Venue of these Cases and the Motion in this district is proper under 28 U.S.C. §§1408 and 1409.

2. Pursuant to Rule 9013-1(f) of the Local Rules, the Debtors consent to the entry of a final judgment or order with respect to the Motion if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

3. The statutory and legal predicates for the relief requested herein are sections 105 330, and 331 of the Bankruptcy Code, Bankruptcy Rules 2016, 6003, and 6004, and Local Rule 2016-2.

## II. BACKGROUND

4. On the date hereof (the "Petition Date"), each of the Debtors commenced a voluntary case under chapter 11 of the Bankruptcy Code.

5. The Debtors are authorized to continue to operate their business and manage their property as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. To date, no statutory committee has been appointed in these Cases.

6. As of the Petition Date, USA Discounters is engaged in the retail business and operates seven retail stores located in five different states, all of which use the "Fletcher's Jewelers" brand. USA Discounters' business operations previously included twenty-four other retail stores using the "USA Living" brand, which sold electronics, appliances, furniture, and

other consumer products, but all of the "USA Living" stores were closed in the months preceding the Petition Date.

7. USA Discounters' business was built on generating sales via consumer credit provided by USA Discounters through installment contracts or revolving contracts, with USA Discounters retaining and servicing the resulting customer receivables. As of August 15, 2015, the outstanding aggregate principal balance of USA Discounters' receivables is approximately $114 million. USA Discounters also sold warranty protection plans to cover defects associated with merchandise purchased from USA Discounters, with the warranty obligations typically running through the term of the corresponding installment credit contract. USA Discounters' sale of warranties to new customers was discontinued in April 2015, and USA Discounters ceased selling goods on credit shortly before the Petition Date. Although USA Discounters does not operate an e-commerce platform, it does maintain websites at which potential customers could preview products available for purchase at USA Discounters' stores (www.usaliving.com and www.fletchersjewelers.com).

8. USA Discounters historically focused on serving members of the United States military and their families. Due to various financial and regulatory changes within the military, military members and their families have decreased their spending on various consumer products, which has had a negative effect on USA Discounters' resulting revenues.

9. The decline in the military member customer base coincides with increased challenges in the broader consumer retail space. Indeed, over the past several months, several clothing stores and other retailers – including Deb Stores Holding LLC, dELiA*s, Inc., Caché, Inc., Simply Fashion Stores Ltd., RUUM American Kid's Wear, and Anna's Linens – have commenced bankruptcy cases for the specific purpose of liquidating their business operations.

3

Several other retail businesses – including RadioShack Corporation – have used the bankruptcy process to effect going concern sales of certain core business operations, although after substantially reducing their retail footprints.

10. In the face of this very challenging retail environment and external policy changes adversely affecting their business model, as well as defaults under USA Discounters' approximately $60 million secured credit facility (which matures in October 2015 in any event), the Debtors thoroughly considered the options available to maximize value for their stakeholders under the circumstances. After determining that USA Discounters would be unable to refinance or extend its outstanding secured credit facility, and after being unable to locate a going-concern buyer for the entire business, the Debtors concluded that the optimal path forward is to conduct a structured and orderly wind down of USA Discounters' affairs under the auspices of chapter 11 bankruptcy cases. The relief sought in this Motion is intended to preserve value and facilitate USA Discounters' operations through this process and into the next phases of these Cases.

11. More detailed factual background regarding the Debtors and the commencement of these Cases is set forth in the Dorsey Declaration.

### III. RELIEF REQUESTED

12. By this Motion, the Debtors request that the Court enter an order, pursuant to Bankruptcy Code sections 105(a), 330, and 331, Bankruptcy Rules 2016, 6003, and 6004, and Local Rule 2016-2, establishing procedures for interim compensation and reimbursement of expenses for professionals and official committee members and granting related relief.

13. The entry of such an order will streamline the professional compensation process and allow the Court and other parties to more effectively monitor the professional fees and expenses incurred in these Cases.

A. **Retention of Professionals**

14. The Debtors have filed or intend to file applications to retain certain professionals, including, but not limited to, Klee, Tuchin, Bogdanoff & Stern LLP as the Debtors' bankruptcy counsel, Pachulski Stang Ziehl & Jones, LLP as the Debtors' Delaware counsel, Williams Mullen as the Debtors' corporate counsel, Alvarez & Marsal as the Debtors' financial advisor, Stephens, Inc. as the Debtors' financial advisor and investment banker, Troutman Sanders LLP as the Debtors' special regulatory counsel, Holland and Hart LLP as the Debtors' special litigation counsel, and Kurtzman Carson Consultants LLC as the Debtors' administrative agent. The Debtors may seek to retain other professionals during the course of these Cases if the need arises. Moreover, the Debtors anticipate that an official creditors' committee (the "Committee") may be formed in these Cases, which Committee will likely file one or more applications to retain counsel and possibly other professionals to assist it in fulfilling its obligations in these Cases (the professionals retained by the Debtors and any Committee in these Cases are hereafter collectively referred to as the "Professionals").

B. **Proposed Compensation and Reimbursement Procedures**

15. By this Motion, the Debtors propose that, except as otherwise provided in an order of the Court authorizing the retention of a particular Professional, that Professionals be permitted to seek interim payment of compensation and reimbursement of expenses in accordance with the procedures set forth below (the "Compensation Procedures"):

>   a. On or before the 15th day of each calendar month, or as soon as practicable thereafter, each Professional may file an application (a "Monthly Fee Application") with the Court for interim approval and allowance of compensation for services rendered and reimbursement of expenses incurred during any preceding month or months, and serve a copy of such Monthly Fee Application by overnight mail on each of the following parties (collectively, the "Notice Parties"):

5

      (a) proposed counsel to the Debtors, Klee, Tuchin, Bogdanoff & Stern LLP, 1999 Avenue of the Stars, 39th Floor, Los Angeles, California 90067, Attn: Lee R. Bogdanoff, Esq. and Michael L. Tuchin, Esq.;

      (b) proposed counsel to the Debtors, Pachulski Stang Ziehl & Jones LLP, 919 North Market Street, 17th Floor, P.O. Box 8705, Wilmington, DE 19899-8705 (Courier 19801), Attn: Laura Davis Jones, Esq.;

      (c) counsel to the Prepetition Agent, Blank Rome LLP, 1201 Market Street, Suite 800, Wilmington, DE 19801, Attn: Regina Stango Kelbon, Esq. and One Logan Square, 130 North 18th Street, Philadelphia, PA 19103-6998, Attn: Kevin J. Baum, Esq.;

      (d) the Office of the United States Trustee for the District of Delaware, J. Caleb Boggs Building, 844 King Street, Suite 2207, Lockbox 35, Wilmington, DE 19801; and

      (e) counsel to any Committee.

      Any Professional that fails to file a Monthly Fee Application for a particular month or months may subsequently submit a consolidated Monthly Fee Application including any prior month or months. All Monthly Fee Applications shall comply with the Bankruptcy Code, the Bankruptcy Rules, applicable Third Circuit law, and Local Rule 2016-2.

b.   Each Notice Party will have 21 days after service of a Monthly Fee Application to review such Monthly Fee Application (the "Review Period"). If any Notice Party wishes to object to a Professional's Monthly Fee Application, the objecting party shall serve a written notice (a "Notice of Objection") so that it is received by the end of the Review Period by the applicable Professional and each of the Notice Parties. A Notice of Objection shall set forth the precise nature of the objection and the amount of fees and expenses at issue.

c.   Upon the expiration of the Review Period, if a Notice of Objection has not been served with respect to a Monthly Fee Application, a Professional may file a certificate of no objection with the Court with respect to the unopposed portion of the fees and expenses requested in its Monthly Fee Application (each, a "CNO"). After a CNO is filed, the Debtors are authorized and directed to pay the Professional an amount equal to 80% of the fees and 100% of the expenses requested in the applicable Monthly Fee Application (the "Maximum Monthly Payment"). If a Notice of Objection was timely received and remains unresolved, the Debtors are authorized and directed to pay the Professional an amount (the "Reduced Monthly Payment") equal to the lesser of (i) the Maximum Monthly Payment and (ii) 80% of the fees and 100% of the expenses not subject to a Notice of Objection.

d.   If a Notice of Objection is timely served in response to a Monthly Fee Application, the objecting party and the Professional shall attempt to resolve the objection on a consensual basis. If and to the extent that the parties reach an agreement, the Debtors shall promptly pay 80% of the agreed-upon fees and 100% of the agreed-upon expenses, to the extent not already included in a Reduced Monthly Payment (an "Incremental Resolution

Payment"). If, however, the parties are unable to reach a complete resolution of the objection within ten days after service of the Notice of Objection, the objecting party shall file its objection (the "Objection") with the Court within three business days and serve such Objection on the respective Professional and each of the Notice Parties. Thereafter, the Professional may either (i) file with the Court a response to the Objection, together with a request for a hearing on the matter and a request for payment of the difference, if any, between (A) the Maximum Monthly Payment and (B) the Reduced Monthly Payment and any Incremental Resolution Payment made to the affected Professional (the "Incremental Amount") or (ii) forgo payment of the Incremental Amount until the next interim or final fee application hearing, at which time the Court will consider the Objection, if requested by the parties.

e.   At three-month intervals or such other intervals convenient to the Court (the "Interim Fee Period"), each of the Professionals may file with the Court and serve on the Notice Parties a request (an "Interim Fee Application Request") for interim Court approval and allowance of the payment of compensation and reimbursement of expenses sought by such Professional in its Monthly Fee Applications, including any holdbacks, filed during the Interim Fee Period, pursuant to section 331 of the Bankruptcy Code. The Interim Fee Application Request must include a brief description identifying the following:

   1. the Monthly Fee Applications that are the subject of the request;

   2. the amount of fees and expenses requested;

   3. the amount of fees and expenses paid to date or subject to an Objection;

   4. the deadline for parties to file objections (the "Additional Objections") to the Interim Fee Application Request; and

   5. any other information requested by the Court or required by the Local Rules.

Objections, if any, to the Interim Fee Application Requests shall be filed and served upon the Professional that filed the Interim Fee Application and the other Notice Parties so as to be received on or before 4:00 p.m. prevailing Eastern Time on the 21st day (or the next business day if such day is not a business day) following service of the applicable Interim Fee Application Request.

f.   The Debtors will request that the Court schedule a hearing on the Interim Fee Application Requests at least once every six months. The Debtors, however, may request that a hearing be held every three months or at such other intervals as the Court deems appropriate. If no Objections are pending and no Additional Objections are timely filed, the Court may grant an Interim Fee Application Request without a hearing.

7

g. The first Interim Fee Period will cover the month in which the Petition Date occurs and the two full months immediately following such month. Thus, as applicable to these chapter 11 Cases, the first Interim Fee Period will cover the Petition Date through October 31, 2015. Each Professional must file and serve its first Interim Fee Application Request on or before the 20th day following the end of the first Interim Fee Period. Accordingly, the first Interim Fee Application Requests must be filed on or before November 20, 2015.

h. The pendency of an Objection to payment of compensation or reimbursement of expenses will not disqualify a Professional from the future payment of compensation or reimbursement of expenses under the Interim Compensation Procedures. Any Professional that fails to file a Monthly Fee Application or an Interim Fee Application Request when due or permitted will be ineligible to receive further interim payments of fees or reimbursement of expenses under the Interim Compensation Procedures until such time as a Monthly Fee Application or Interim Fee Application Request is submitted by the Professional. There will be no other penalties for failing to file a Monthly Fee Application or an Interim Fee Application Request in a timely manner.

i. Neither (i) the payment of or the failure to pay, in whole or in part, interim compensation and/or the reimbursement of or the failure to reimburse, in whole or in part, expenses under the Interim Compensation Procedures nor (ii) the filing of or failure to file an Objection will bind any party in interest or the Court with respect to the final allowance of applications for payment of compensation and reimbursement of expenses of Professionals. All fees and expenses paid to Professionals under the Interim Compensation Procedures are subject to disgorgement until final allowance by the Court.

16. By this Motion, the Debtors also request that each member of any Committee be permitted to submit statements of expenses (excluding third-party counsel expenses of individual Committee members) with supporting documentation to Committee counsel, which counsel shall collect and submit the Committee member's request for reimbursement in accordance with the Compensation Procedures. Approval of these Compensation Procedures, however, will not authorize payment of such expenses to the extent that such payment is not authorized under the Bankruptcy Code, Bankruptcy Rules, Local Rules, or the practice of this Court.

17. By this Motion, the Debtors further request that the Court limit the notice of interim and final fee application requests to (i) the Notice Parties and (ii) parties that have filed

8

with the Clerk of this Court a request for special notice pursuant to Bankruptcy Rule 2002. The Debtors further request that (i) the Notice Parties be entitled to receive the Monthly Fee Applications, any Interim Fee Application, any final fee applications (the "Final Fee Applications"), and any notices of hearing on Interim Fee Applications and Final Fee Applications (the "Hearing Notices") and (ii) all other parties entitled to notice be entitled to receive only the Hearing Notices. Providing notice of interim and final fee application hearings in such manner will allow the parties most active in these Cases to review and object to professional fees and will save the expense that would be incurred in duplication and mailing costs.

18. The Debtors shall include all payments made to Professionals in accordance with the Compensation Procedures in their monthly operating reports, identifying the amount paid to each of the Professionals.

19. The procedures proposed herein will enable the Debtors to closely monitor the costs of administration and implement efficient cost-management procedures. In addition, these proposed Compensation Procedures will allow the Court and the key parties in interest, including the Office of the United States Trustee, to more efficiently monitor the compensation and reimbursement of Professionals.

### IV. BASIS FOR RELIEF

20. Section 330 of the Bankruptcy Code provides that, after notice and a hearing, the Court may award to professionals reasonable compensation and reimbursement of expenses. Section 331 of the Bankruptcy Code provides that all Professionals are entitled to submit applications for interim compensation and reimbursement of expenses every 120 days, or more often if the Court permits. Moreover, section 105(a) of the Bankruptcy Code authorizes the

9

DOCS_DE:201398.1 88601/001

Court to issue any order "that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).

21.  Courts have generally recognized that in large cases it is appropriate to allow payment of professionals more frequently. *In re Mariner Post-Acute Network, Inc.*, 257 B.R. 723, 727 (Bankr. D. Del. 2000). Courts have regularly entered orders allowing professional compensation procedures that provide for interim compensation and expense reimbursement on a monthly basis. In fact, this Court has approved similar compensation procedures in many cases within this District. *See, e.g., In re Mineral Park, Inc.*, Case No. 14-11996 (KJC) (Bankr. D. Del. Oct. 3, 2014) (Docket No. 177); *In re GSE Environmental,* Case No. 14-11126 (MFW) (Bankr. D. Del. June 11, 2014) (Docket No. 204); *In re Revstone Industries, LLC, et al.,* Case No. 12-13262 (BLS) (Bankr. D. Del. March 20, 2013) (Docket No. 415); *In re DDMG Estate, et al.*, Case No. 12-12568 (BLS) (Bankr. D. Del. Oct. 22, 2012) (Docket No. 321); *In re AFA Investment, Inc. et al.*, Case No. 12-11127 (MFC) (Bankr. D. Del. April 20, 2012) (Docket No. 160); *In re CyberDefender Corporation,* Case No. 12-10633 (BLS) (Bankr. D. Del. March 14, 2012) (Docket No. 93); *In re William Lyon Homes,* Case No. 11-14019 (CSS) (Bankr. D. Del. Jan. 10, 2012) (Docket No. 148); *In re Solyndra LLC,* Case No. 11-12799 (MFW) (Bankr. D. Del. Sept. 23, 2011) (Docket No. 129); *In re Nebraska Book Co., Inc.*, Case No. 11-12005 (PJW) (Bankr. D. Del. July 21, 2011) (Docket No. 199); *In re Consolidated Horticulture Group, LLC,* Case No. 10-13308 (CSS) (Bankr. D. Del. Nov. 1, 2010) (Docket No. 94); *In re Point Blank Solutions, Inc.,* Case. No. 10-11255 (PJW) (Bankr. D. Del. May 12, 2010) (Docket No. 114).

Accordingly, this Court has authority to enter an order authorizing the Compensation Procedures requested herein.[2]

22.  Implementation of the proposed Compensation Procedures is justified and in the best interests of the Debtors' estates and their creditors. Factors to consider in deciding whether to establish interim compensation procedures include the size of the case, the complexity of the issues involved, and the time required on the part of the debtor's attorneys in providing the services necessary to maximize the value of the estates. The Debtors have limited staff and resources to deal with the extra burdens imposed by the filing of these Cases. Moreover, the Debtors believe that several Professionals will be retained in these Cases. Without the streamlined compensation procedures requested herein, the professional fee application process and review of the professional fee applications would be overly burdensome on the Debtors, the Professionals, the Court, the Office of the United States Trustee, and other parties in interest. The Debtors believe that the proposed Compensation Procedures are necessary to ensure that the Professionals are fairly and timely compensated for their services and that such Professionals are not forced to bear undue financial burden or risk caused by delays in payment.

23.  The Debtors believe that the Compensation Procedures requested herein will: (i) enable the Debtors and parties in interest to closely monitor costs of administration relating to these Cases; (ii) allow the Court and parties in interest to ensure the reasonableness and necessity of the compensation and reimbursement of expenses; (iii) substantially reduce the burden imposed on the Court by avoiding the need for immediate review of Monthly Fee Applications; and (iv) eliminate undue financial burdens on the Professionals and avoid having the Professionals fund the costs of the Debtors' Cases.

---

[2] Copies of these orders are available upon request, and have not been included because they are too voluminous.

24. Based on the foregoing, the Debtors submit that the relief requested by this Motion is necessary, appropriate, and in the best interests of their estates and creditors and should therefore be granted.

## V. NOTICE

25. The Debtors will provide notice of this Motion to: (i) the Office of the United States Trustee for the District of Delaware; (ii) holders of the forty (40) largest unsecured claims on a consolidated basis against the Debtors; (iii) the Prepetition Agent; and (iv) all parties who have filed a notice of appearance and request for service of papers pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is necessary.

*(Remainder of page intentionally left blank)*

DOCS_DE:201398.1 88601/001

## VI. CONCLUSION

WHEREFORE, for the reasons set forth herein and in the Dorsey Declaration, the Debtors respectfully request that this Court enter an order, substantially in the form attached hereto, granting the relief requested in the Motion and such other and further relief as is just and proper.

Dated:  August 24, 2015

*/s/ Laura Davis Jones*
Laura Davis Jones (DE Bar No. 2436)
James E. O'Neill (DE Bar No. 4042)
Colin R. Robinson (DE Bar No. 5524)
PACHULSKI STANG ZIEHL & JONES LLP
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)
Tel:    (302) 652-4100
Fax:    (302) 652-4400
Email: ljones@pszjlaw.com
          joneill@pszjlaw.com
          crobinson@pszjlaw.com

and

Lee R. Bogdanoff, Esq.
Michael L. Tuchin, Esq.
Whitman L. Holt, Esq.
Sasha M. Gurvitz, Esq.
KLEE, TUCHIN, BOGDANOFF & STERN LLP
1999 Avenue of the Stars, 39th Floor
Los Angeles, CA 90067
Tel:    (310) 407-4023
Fax:    (310) 407-9090
Email: lbogdanoff@ktbslaw.com
          mtuchin@ktbslaw.com
          wholt@ktbslaw.com
          sgurvitz@ktbslaw.com

*[Proposed] Counsel to the Debtors and Debtors in Possession*

DOCS_DE:201398.1 88601/001